[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE DEFENSE OF MUNICIPAL IMMUNITY AGAINSTCT Page 10196 UNINSURED MOTORIST CLAIM
This case is an action by plaintiff Frank Bellucci, an employee in the Parks Department of the City of New Haven (hereafter City) who was injured while on duty in an automobile owned by the City. The injury occurred when a vehicle driven by an uninsured motorist collided with the vehicle which the plaintiff was driving. The plaintiff has received Worker's Compensation benefits as a result of that accident and he has filed this action seeking uninsured motorist coverage benefits.
By way of defense the City has filed a Third Amended Answer containing several special defenses the fifth of which asserts that it is immune from liability because as a political subdivision of the State of Connecticut it is granted such immunity by Connecticut General Statutes Section 52-557n(b)(6). This statute states in material part that .
. . a political subdivision of the state . . . shall not be liable for damage to person or property resulting from . . . the act or omission of someone other than an employee, officer or agent of the political subdivision.
The defendant takes the position that this statute clearly applies since the uninsured motorist who caused the plaintiffs injuries is neither its employee, officer nor agent.
The plaintiff has filed a motion to strike the fifth special defense. In his motion the plaintiff argues that notwithstanding the language of Conn. Gen. Stat. Sec. 52-577n(b)(6) the legislature specifically authorized this lawsuit by passing the uninsured and underinsured motorist statute (Title 38d-336) and making it applicable to municipalities, such as the City of New Haven, that self insure for liability resulting from automobile accidents. Statutory provisions as to self-insurance state in part that
the (financial) security required . . . may be provided by self-insurance by filing with the commissioner (of Insurance) in satisfactory form . . . (2) evidence that appropriate provision exists for the prompt and efficient administration of claims, benefits and obligations . . . A person who provides security under this subsection is a CT Page 10197 self-insurer. A municipality may provide the security required under this section by filing with the commissioner a notice that it is a self-insurer.
(Emphasis added).
Conn. Gen. Stat. Sec. 38a-371 (c).
For purposes of considering the motion to strike, the parties do not disagree with the proposition that the City has elected the status of a self-insurer and has so notified the Commissioner of Insurance. The matter of disagreement is whether the immunity statute shields the plaintiff from accessing the self-insured security of the City as a resource for satisfying his claim for uninsured motorist coverage.
To resolve apparent conflict in statutory provisions, this court must engage in statutory construction. One principal of statutory construction informs us that legislative intent is to be determined by reference to the language of the statute itself, as well as to the legislative history and circumstances surrounding its enactment. State v. Harrell, 238 Conn. 828
(1966); see also FDIC v. Peabody, 239 Conn. 93 (1996).
Another principal is that ordinarily where a specific statutory provision conflicts with a general one, the specific provision governs. For the application of this principal seeCommission on Human Rights and Opportunities v. Truelove andMaclean Inc., 238 Conn. 337 (1996), Gifford v. Freedom ofInformation Commission, 227 Conn. 641 (1993), and Wisniowski v.Planning Com'n of Town of Berlin, 37 Conn. App. 303, cert. den.233 Conn. 909 (1995). As stated by the Appellate Court inWisniowski, supra.
 [t]o the extent possible, statutes should be reconciled. (citation omitted) When two statutes conflict, however, as in the present case, the more specific legislation governs over the general legislation; (citation omitted). . .
 Id at 314.
In construing the two statutes it should be noted that the legislature in 1982 (Public Act 82 145) added to subsection c of Title 38a-371 the third sentence which authorized municipalities to become self-insurers by filing notice thereof with the CT Page 10198 Commissioner of Insurance, and that the legislature had an opportunity in 1986 to remove this authorization with the enactment of the municipal immunity provision included in Public Act 86-338, An Act Concerning Tort Reform. This the legislature decided not to do.
Applying the foregoing principles and analysis the court finds that the legislature intended to make the financial security of municipalities — at least self-insured ones — available as a resource for an employee injured by an uninsured motorist.
Accordingly, the motion to strike is granted.
Clarance J. Jones, Judge